**Elaine M. O'NEIL, et al., Plaintiffs,**

**v.**

**John GARRY, M.D., et al., Defendants.**

**Civ. A. No. 86–0091–Mc.**

United States District Court,
D. Massachusetts.

Dec. 16, 1987.

---

M. Jeanne Trott, Charles A. Meade, Stephen R. Fine & Assoc., Manchester, N.H., Larry Rose, Sweet & Rose, Boston, Mass., for plaintiffs.

Philip C. Calitre, Dunn & Rogers, Boston, Mass., for Beverly Hospital, Inc.

Edward D. McCarthy, Joan Eldridge, McCarthy, Foster & Eld., Cambridge, Mass., Eugene G. Coombs, Jr., Boston, Mass., for Fran Ventre, C.N.M.

### MEMORANDUM & ORDER

McNAUGHT, District Judge.

This action came on to be heard on defendant Fran Ventre's motions to dismiss, for summary judgment, and for separate and final judgment. As grounds for the motions Ms. Ventre argues that diversity jurisdiction was improperly and collusively invoked in violation of 28 U.S.C. § 1359.

This action arises out of a claim against defendant Ventre, two doctors at Beverly Hospital, Beverly Hospital, Inc., and the North Shore Birth Center which is a part of Beverly Hospital. Ms. Ventre is a reg- istered nurse midwife in Massachusetts and was responsible for assisting the plaintiff Elaine O'Neil with the birth of her child at the Birth Center of Beverly Hospital in 1983. There were complications with that birth and the child was stillborn on January 16, 1983.

It is clear that Mrs. O'Neil and her husband Derek were residents of Massachusetts from sometime prior to January 1983 until they bought a house in New Hampshire in the spring of 1985. On December 24, 1985 Mrs. O'Neil, through her attorney, applied for appointment as administratrix of Baby Boy O'Neil's estate. On that application, the "last domicile or residence of decedent" was listed as Nottingham, New Hampshire. This lawsuit was filed on January 9, 1986. Mrs. O'Neil was appointed as administratrix by the Rockingham Court of Probate on February 20, 1987. On April 17, 1987, Mrs. O'Neil filed a petition in the Rockingham County Court of Probate correcting the last domicile of the deceased and indicating that all parties at the time of the death were residents of Massachusetts.

Defendant Ventre argues first that diversity jurisdiction is lacking in this action because it has been manufactured or is collusive in violation of 28 U.S.C. § 1359. Ms. Ventre states, correctly, that all of the events upon which plaintiffs base their cause of action occurred in Massachusetts at a time when all parties were domiciliaries of Massachusetts. This in itself, of course, does not dispose of the issue since domicile for diversity purposes is determined at the time of filing an action, not when the cause of action occurred.

Ms. Ventre maintains, however, that under Massachusetts law which controls here, only the duly appointed executor or administrator of the estate can bring an action for wrongful death. M.G.L. c. 229 § 2. This being so, she argues, if Mrs. O'Neil's appointment as administratrix in New Hampshire is invalid or was obtained fraudulently, then diversity jurisdiction does not exist or was collusively created.

This raises the question of whether the inaccurate information contained in the ap-

plication for appointment was, indeed, relevant to the decision to appoint Mrs. O'Neil. Defendant points to New Hampshire probate law which states that:

> Probate of the will and granting administration on the estate of a person deceased shall belong to the judge for the county in which such person was last an inhabitant; but if such person was not an inhabitant of this state the same shall belong to the judge for any county in which such person had estate, or in which the personal representative or kin of such person has a cause of action.

New Hampshire Revised Statutes Annotated 547:8

Ms. Ventre argues that Baby Boy O'Neil was never an inhabitant of New Hampshire, nor could he have had an estate in that state. Since all of the actions complained of took place in Massachusetts between Massachusetts domiciliaries she argues that there would be no cause of action on the part of Mr. or Mrs. O'Neil in New Hampshire state court. Consequently, the appointment of Mrs. O'Neil would not have been made had the application been completed correctly.

There was error (misstatement) in the application; nonetheless, the judgment of the plaintiff and her attorney are not at issue here. We are asked to decide whether jurisdiction was properly invoked. Both sides agree, I believe, that if Mrs. O'Neil's appointment as administratrix by the Rockingham County Court of Probate was valid, then diversity exists.

Had we nothing more to go on than Mrs. O'Neil's original application for appointment showing Nottingham as the last domicile of the decedent, defendant's argument might have more force. The practical fact of the matter though is that the plaintiffs, realizing their misstatement, petitioned the court in April 1987 (1) to amend and correct the application for appointment, and (2) for an order that Mrs. O'Neil was properly appointed administratrix.

Further, in the body of the petition the plaintiff fully details for the probate court the circumstances existing at the time of the infant's death. These include the residence of all parties, the nature of the action pending in this Court, the situs of the acts complained of, the pertinent excerpt from the Massachusetts Wrongful Death Statute (M.G.L. c. 229 § 2) and, not least, the text of N.H.R.S.A. 547:8 quoted above concerning probate and granting of administration.

Defendant asks that we determine that the Rockingham County Court of Probate erred when it granted plaintiff's petition to correct her application and when it ordered that Mrs. O'Neil had been properly appointed. She argues that neither was the O'Neil fetus an inhabitant of, nor did he have estate in New Hampshire. Nor, she adds, do the personal representative or his kin have a cause of action there.

We will not dispute the ruling of the New Hampshire probate judge in a matter within his jurisdiction.

The New Hampshire statute says that "granting administration on the estate of a [deceased] person ... shall belong to the judge for the county ... in which the personal representative or kin of such person has a cause of action." The probate judge decided apparently that Mrs. O'Neil, as the mother and person petitioning for appointment as administratrix, did indeed have a cause of action in that county.

It is not for me to sit in review of the judge of the Rockingham County Court of Probate. In the light of his order, diversity jurisdiction was not obtained collusively under 28 U.S.C. § 1359. Defendant's motions on this issue, therefore, are DENIED.